## OHIO & MISSISSIPPI RAILWAY COMPANY
### v.
## WILLIAM M. ATTEBERRY.

*Railroads— Negligence — Injury to Stock—Evidence—Practice—Witnesses.*

1. A jury has not the right from mere whim or caprice to reject the testimony of an uncontradicted and unimpeached witness.

2. In an action brought to recover from a railroad company for the killing of stock, the same being alleged to have occurred through its negligence, the report of the section foreman to the company and his opinion as to the cause of the injury is not competent testimony.

[Opinion filed February 26, 1892.]

Appeal from the Circuit Court of Wayne County; the Hon. C. C. Boggs, Judge, presiding.

Messrs. Pollard & Werner and Creighton & Cooper, for appellant.

Messrs. Hanna & Hanna, for appellee.

Phillips, J. This is an action brought by appellee to recover damages for a horse alleged to have been killed on appellant's road. A verdict and judgment were entered for the plaintiff for $150. The evidence shows the horse was tied to a tree in an inclosure about seven o'clock on the evening of July 26, 1889, and broke loose and escaped from the inclosure and went upon the road-bed of appellant's road and ran down the track about one-eighth of a mile to a trestle, on which he went and fell or was thrown off the trestle into a pile of rock about eight feet below and was killed. The plaintiff claims the horse was struck by the locomotive and killed, while the defendant claims the horse was not struck, and insists that he ran into the trestle and fell from it and was killed by the fall, and at the time no train was near him. From the evidence, but one train had passed when the horse was found dead, from the time he had been tied to the tree until he was found dead under the trestle on the afternoon of the 27th of July. No one saw the injury and the only question in the case is whether the horse was in fact killed by the train. In I. C. R. R. Co. v. Whalen, 42 Ill. 396, where an action was brought to recover damage for animals alleged to have been killed by a train, it was said:

"There was no positive proof the animals were struck by the locomotive, but the presumption is strong they were, as

they were found by the side of the road badly smashed up, and no other reasonable cause could be assigned for the casualty." In C. & N. W. Ry. Co. v. Dement, 44 Ill. 75, an action was brought to recover damages for a cow alleged to have been killed by the train; the cow was found lying in the ditch two or three feet from the track, and it was said in that case: "We do not consider this a case in which we can set aside the verdict as unsupported by the evidence. It is certainly singular that the cow if killed by the train, bore no external marks of violence, but on the other hand the place where she was found dead raises a strong presumption that she had been killed by one of the several trains proved to have passed over the road the night before. Here was a mode by which the doubt could be explained, and no other cause is shown to have existed which would have explained it." In neither of these cases was any other cause found that could account for the position and condition of the animals killed and their death, than on the theory that they were struck by a train. In this case the evidence shows that the horse came on and ran rapidly down the road-bed as testified from the appearance of the foot prints of the horse until he reached the trestle, when, the witnesses testify, "It looked as if the horse had scraped the ground before he got on to the bridge." On the first few ties from the end on the track no marks were found, but between the rails after the first few ties, a distance of twelve or fourteen feet from the end of the bridge, hair was scraped from the horse to the point where he went off. If the horse ran rapidly down the road-bed to the trestle, and there, not being able to stop, jumped onto the trestle and fell through between the ties, and struggled until he fell off the bridge, here was a cause which could be assigned for the casualty and would explain it. In this respect this case is unlike the cases above cited, and it can not be said there is on these facts a preponderance of the evidence showing the horse was killed by the train. The case of Railway Co. v. Ritter, 16 S. W. Rep., is directly in point. It further appears that the only train passing that could have caused the injury passed about seven o'clock in the morning of the 27th of July.

At that time it was after the sun was up. The engineer and fireman on the engine hauling that train both testify that they saw no horse at that trestle, and the engineer testifies that he struck no horse. These witnesses are unimpeached and uncontradicted as to the material facts testified to by them, and unless their testimony is rejected entirely by the jury, it makes a complete defense to plaintiff's claim, and it is apparent that the jury rejected their testimony. A jury has not the right from mere whim or caprice to reject the testimony of an uncontradicted and unimpeached witness. The circumstantial evidence is entirely consistent with their testimony. From all the facts proven, the verdict in this case manifestly and at first blush is not sustained by the evidence. The plaintiff offered in evidence the report of the section foreman, in which the foreman expressed the opinion that the horse was killed by the train, which was objected to and the objection sustained, and the plaintiff assigns cross-error for sustaining the objection to this evidence. The report of the foreman to the company and his opinion as to the cause of the injury was not competent testimony. The cross-error is not sustained. The judgment is reversed.

*Judgment reversed.*