## Clow v. Pittsburgh Traction Co., Appellant.

*Trial—Amendment—Surprise—Continuance—Review.*

At the trial of a cause, plaintiff filed an amended statement.    Defendant pleaded surprise, and asked for a continuance.    The court refused the request, saying in presence of the jury, "Under the circumstances, this case already having been manipulated upon the list for the convenience of counsel, it is impossible to grant any further favors, and the only choice is between a general continuance and trying the case now."    *Held,* not sufficient ground for reversing a judgment in favor of plaintiff.

*Negligence—Street railways—Passenger—Accident—Presumption.*

The happening of an accident to a passenger on a street car, if the ac-

cident is connected with the means of transportation, raises a presumption of negligence on the part of the company.

Where a cable car is stopped so suddenly as to throw a passenger from her seat, and to break the glass in the car windows, a presumption of negligence arises on the part of the company.

Argued Oct. 23, 1893. Appeal, No. 61, Oct. T., 1893, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1892, No. 721, on verdict for plaintiff, Mary Clow. Before Sterrett, C. J., Green, McCollum, Mitchell, Dean and Thompson, JJ.

Trespass for personal injuries. Before McClung, J.

At the trial it appeared that on May 16, 1891, plaintiff was a passenger on one of defendant's cable cars on Fifth avenue, Pittsburgh. When the car reached the vault in front of the company's power house near Washington street it was suddenly and without warning stopped, and plaintiff was thrown forward, sustaining fracture of the clavicle and other injuries. Evidence for plaintiff showed that the glass in the windows of the car was broken, and one witness testified that the car was badly wrecked. No explanation was given as to the cause of the accident.

The court charged in part as follows:

" [If you find that the accident did occur to the car of the defendant by reason of a collision, or of a defect in the roadway, or in the machinery or apparatus by which the car was run, then the law presumes that the defendant was negligent, and it is for the defendant to explain the accident in some way consistent with his claim of care, and, if he does not explain it, the presumption of negligence remains. In this case the defendant has not undertaken to explain how the accident occurred, so that if you find it occurred in this way the presumption of negligence arises, and you proceed to the consideration of the question as to whether this young lady was injured in that accident, and, if so, to what extent.] " [4]

Defendant's points were as follows:

" 1. There is no sufficient proof that the injuries complained of were caused by the negligence of the defendant, and the verdict must be for the defendant." Refused. [2]

2. Request for binding instructions. Refused. [3]

Verdict and judgment for plaintiff for $7,750. Defendant appealed.

*Errors assigned* were (1) the language of the court in refus ing a continuance, quoting it as in syllabus; (2–4) instructions, quoting them.

*Geo. C. Wilson*, for appellant.—A person who asserts he has received an injury from defendant's negligence must prove it, and if no such proof be adduced, it is error to submit to the jury whether there was negligence or not: McCully v. Clark, 40 Pa. 399; R. R. v. Heil, 5. W. N. 93; Clark v. Ry. Co., 5 W. N. 119; Wiebrand v. Eighth Ave. Ry. Co., 3 Bosw. 313; R. R. v. Ritchie, 102 Pa. 425; Napheys v. R. R., 90 Pa. 135; P. & R. R. R. v. Yerger, 73 Pa. 121; Goshorn v. Smith, 92 Pa. 435. It is not permissible to guess at the cause of an injury and assume that it was something for which defendant was responsible: Reese v. Clark, 146 Pa. 465.

*J. McF. Carpenter*, for appellee, not heard, cited: Tassey v. Church, 4 W. & S. 141; Laing v. Colder, 8 Pa. 479; P. & R. R. R. v. Anderson, 94 Pa. 351.

PER CURIAM, November 13, 1893:

We find no error in this record that would justify a reversal of the judgment.

Judgment affirmed.