## CAMP *v.* RISTINE.

### (*Knoxville.* November 22, 1898.)

EVIDENCE. *Expert testimony.*

Opinions of physicians, testifying as experts, are admissible in evidence to prove the value of the professional services of a physician.

Cases cited: Bruce *v.* Beall, 99 Tenn., 303; 105 U. S., 45; 4 How., 251; 88 N. Y., 299; 10 N. Y., 93; 64 N. Y., 589.

---

### FROM KNOX.

---

Appeal in error from Circuit Court of Knox County. JOSEPH W. SNEED, J.

WASHBURN, PICKLE & TURNER and WELCKER & PARKER for Camp.

WEBB & McCLUNG and E. F. MYNATT for Ristine.

BEARD, J. This suit was instituted by the defendant in error, a physician, to recover from the plaintiff in error a bill for professional services. During the progress of the trial below the defendant in error offered and there was admitted to the

jury, over the objection of plaintiff in error, the
expert testimony of certain physicians to show the
value of the service for which he sought a recovery;
and this action of the Circuit Judge is complained
of in this appeal.

In this there was no error. It is a matter of
common practice in our own courts, and, so far as
we know, universally regarded as a sound practice,
to permit lawyers to testify as to the value of legal
services, without question as to the admissibility of
such evidence. 1 Whar. on Ev., Sec. 442; *Head* v.
*Hargrove*, 105 U. S., 45. And this rule of compe-
tency has been extended to a great variety of cases.
For instance, it has been held that a merchant may
swear to the value of goods (*Buckly* v. *U. S.*, 4
How. (U. S.), 251); a dealer in clocks as to the
value of a clock (*Whiton* v. *Snyder*, 88 N. Y.,
299); a trader as to the value of land (*Bearss* v.
*Capley*, 10 N. Y., 93), and a physician as to the
value of a nurse's services (*Reynolds* v. *Robinson*,
64 N. Y., 589).

This well-recognized exception to the general rule
which excludes opinion testimony, rests upon the
ground that the question of value involves skill, or
service, or training which the ordinary run of men
do not have. 1 Whar. on Ev., Sec. 440; 7 Am.
& Eng. Enc. L. (old ed.), Sec. 494.

But it is said that *Bruce* v. *Beall*, 99 Tenn.,
303, holds otherwise. This is a mistake. In that
case the question at issue was, had the master been

prudent or negligent in continuing the use of an elevator cable for a long series of years? The contention of the plaintiff was that he had been negligent, and, as a result, the plaintiff had sustained the injury for which he sued. This was denied by the defendant. With the issue thus made, an expert was put on the witness stand, who testified that the life of an elevator cable, employed as the one in controversy, was six or seven years; and he was then permitted, over objection, to state that it would not be prudent to use it for a longer time. In this last statement, it was held that the witness had gone beyond the limit of expert testimony and had invaded the province of the jury. In that case it was clearly competent for the witness to state, as he did, the average life of a cable used as that was; also to testify that, after such use, crystallization would set in and the smaller particles of the wire would twist and break off like glass, for these opinions or conclusions were those of special knowledge, and beyond the capacity of the common observer. But when the witness undertook to say, upon these expert deductions or conclusions of his, that such use, continued beyond the limit he had fixed for the natural life of the cable, was imprudent or negligent, he exceeded the license of an expert and settled a question the jury was sworn to try. This was the extent of the Court's holding in that case. While recognizing that matters of skill, experience, and science were the subjects of expert tes-

Camp *v.* Ristine.

timony, yet the ruling there rested upon the fact that a question involving prudence or negligence was within the compass of an ordinary intelligence, and must be determined by the jury. It certainly cannot be invoked as authority against the holdings of the trial Court in the present case.

There is no error in the record, save in the amount of the judgment, which will be corrected as indicated by a memorandum accompanying this opinion, and, as corrected, it is affirmed.