W. M. Collins v. Chicago, Milwaukee & St. Paul Railway Company, Appellant.

Railroads: EVIDENCE: KILLING STOCK: OPINION OF WITNESS. In an action against a railway company for killing stock, where the issue was whether a gate through which the same passed onto the track was insufficient, it was error to permit a witness to testify over objection that he did not think it was.

*Appeal from Dallas District Court*—Hon. A. W. Wilkinson, Judge.

Tuesday, January 19, 1904.

This is an action brought to recover double damages for the killing of a mule. There was a verdict and judgment for the plaintiff, and the defendant appeals.—*Reversed.*

*White & Clarke, J. C. Cook* and *H. Loomis* for appellant.

*Giddings & Winegar* for appellee.

Sherwin, J.—The mule and other stock passed through a gate in the defendant's right of way fence at a private crossing, and the mule was killed by one of the defendant's trains. The negligence charged is that the gate was insufficient; that it was not kept in proper repair, or furnished with the necessary fastenings. The gate was an ordinary sliding farm gate sixteen feet long, made of common six-inch fencing, hung at the rear end in the usual way, and fastened at the front end by a single strip or tongue slid over a cleat between two posts. When the gate was discovered the next morning after the stock escaped through it, it was found open about three feet toward the railroad track, but just how far back it had been pushed before it was opened does not appear, and the top board near the front end was broken. The stock

in question had for some three weeks before this been pastured during the day in a field across the track, and kept at night in the inclosure from which they escaped, passing back and forth through this gate and over the private crossing. It was shown that the stock was frequently found gathered around the gate in the morning. The evidence also tended to show that the bearings of the gate at both ends were worn so that it would slip back easily if started. It was also shown that it was not an uncommon thing for stock to rub against gates, nor for like gates to be opened by stock rubbing against them. While the case is a close one on the evidence, we are unwilling to say as a matter of law that the evidence was insufficient to support a verdict. The sole question for trial was the sufficiency of the gate as it then was with its worn bearings and the manner in which it was fastened. In other words, the question to be determined by the jury was whether the gate as it then was, and without other fastenings than it then had, was a sufficient gate. The court permitted the plaintiff to testify, over the defendant's objection, that he did not think it was. This was clearly allowing the witness to assume the functions of the jury and to testify to a conclusion which they had the exclusive right to reach. It was not a matter calling for or permitting the use of expert testimony. The witness should have been confined to the statement of facts, and the jury left to draw inferences and conclusions therefrom. *Muldowney v. Illinois Central Ry. Co.*, 36 Iowa, 462; *Stafford v. Oskaloosa*, 64 Iowa, 251. The point was the vital one in the case, and the testimony of this witness and that of others practically along the same line was prejudicial to the defendant. The second instruction asked by the defendant was almost wholly embodied in the court's own charge, and there was no error in refusing to give it as presented.

For the errors pointed out, the judgment is REVERSED.