P. L. SEVER, Appellee, v. MINNEAPOLIS & ST. LOUIS RY. Co., Appellant.

**Railroads:** INJURY TO PASSENGER: NEGLIGENCE: SUFFICIENCY OF EVIDENCE. A passenger suing for personal injury because of alleged negligence in the operation of the train is not required to produce direct evidence of negligence of the employees. If he shows an unusual and violent jerk or jar of the car, such as would

not ordinarily happen under an exercise of due care, that is suffi-
cient to make a *prima facie* case.

**Same:** EXPERT EVIDENCE: ULTIMATE CONCLUSION.  An expert witness
2   may state his knowledge concerning the treatment and care of
a personal injury, or basing his answers upon an assumed state
of facts, may then testify that the injury in his opinion may
or may not have resulted from the facts stated; but it is not
permissible for him to state as an ultimate fact that the injury
was thus caused; as it is the province of the jury alone to
draw the ultimate conclusion.  The evidence in this case was
objectionable for the reason stated.

*Appeal from Dallas District Court.*—HON. LORIN N. HAYS,
Judge.

FRIDAY, OCTOBER 18, 1912.

ACTION at law to recover damages for injuries received
by plaintiff while a passenger on one of defendant's trains.
Trial to a jury.  Verdict and judgment for plaintiff in
the sum of $3,000, and defendant appeals.—*Reversed and
remanded.*

*Geo. W. Seevers,* and *W. H. Bremner,* and *White &
Clarke,* for appellant.

*Burton Russell,* and *Geo. B. Lynch,* for appellee.

DEEMER, J.—While a passenger on one of defendant's
trains in the state of South Dakota plaintiff claims to
have been injured through the negligence of defendant's
servants and agents in handling a mixed train made up of
freight and passenger coaches.  It is claimed that these
employees switched the train upon which plaintiff was rid-
ing onto a side track against a freight car or cars standing
upon the siding with such force and violence as to violently
shock him and injure and wrench the muscles and tendons of
his back, thus severely and permanently injuring him.  The

defendant denied the alleged negligence, and also denied that plaintiff suffered any injury from the alleged collision. On these issues the case was tried upon conflicting testimony, and the verdict was for plaintiff in the amount already stated. Three main propositions are relied upon for a reversal.

The first challenges the sufficiency of the testimony to establish negligence. Aside from the fact that there was a collision of some kind the nature of which is in dispute, there is positive testimony in the record from

1. RAILROADS: injury to passenger: negligence: sufficiency of evidence.

plaintiff himself of such a shock or jar from the impact of the cars as would take the case to a jury. Plaintiff was not required to produce direct testimony as to the negligence of the employees. As a rule a passenger can not do this. He knows only of results, and, if he shows an unusual and violent jerk or jar, such a one as would not ordinarily happen had the employees used due care, he has made out at least a *prima facie* case. *Burr v. Railroad Co.,* 64 N. J. Law, 30 (44 Atl. 845); *Dougherty v. Railroad Co.,* 81 Mo. 325 (51 Am. Rep. 239); *Consolidated Co. v. Thalheimer,* 59 N. J. Law, 474 (37 Atl. 132); *Railroad Co. v. Pollard,* 22 Wall. 341 (22 L. Ed. 877); *Caldwell v. Steamboat Co.,* 47 N. Y. 282; *Pershing v. Railroad Co.,* 71 Iowa, 561; *Inland Co. v. Tolson,* 139 U. S. 551 (11 Sup. Ct. 653, 35 L. Ed. 270); *Lincoln St. R. Co. v. McClellan,* 54 Neb. 672 (74 N. W. 1074, 69 Am. St. Rep. 736); *Clow v. Traction Co.,* 158 Pa. 410 (27 Atl. 1004). While there is some little confusion in the cases upon this proposition, we think the maxim *res ipsa loquitur* applies, and that there was enough testimony to take the case to a jury. This holding answers two contentions made for appellant, and there remains but one to which we need give attention. That has reference to rulings on certain testimony introduced by plaintiff.

II. Three or more doctors were examined for plaintiff, and hypothetical questions were propounded to each

of them in substantially the same form.    These questions

2. Same:
expert
evidence:
ultimate
conclusion.

were very long, and covered substantially all the testimony given with reference to plaintiff's position in the car, the nature of the jar to the train in which he was riding, the character of the injuries claimed by him, the nature and extent thereof, and the descriptions given thereof by his attending physicians, and the questions wound up with these interrogatories:

What would you say as a physician and surgeon as to the probability of his injury, the probable cause of the injury that you have detailed before the jury? What do you say was the probable cause of the injury? . . . Q. Now, Doctor, taking these facts into consideration, under these and no others, what would you say was the cause of the detachment or rupture of the muscles? . . . Taking these facts into consideration and no others, what would you say was the probable cause of the injury? . . . What do you say was the fact with these facts and others, what would you say was the probable cause of the injury? . . . Q. Now, Doctor, taking the same question which I gave you, taking these same facts into consideration and no others, what will you say was the cause of the condition that you have detailed here to the jury? (The answers to these interrogatories were as follows:) A. Well, it seems to me I have answered the question before that covers the question from the history given by the above. I would say that the circumstances on the railroad train caused the injury. . . . A. I should say unquestionably it was due to the impact of the train causing enforced flection of the spine. . . . A. Due to the impact of the cars.

In addition to objecting to the questions when propounded as incompetent calling for conclusions and invading the province of the jury, defendant's counsel moved to strike each and all of these answers. The objections and motions were overruled, and these rulings present the only serious question in the case. Unless we are to make a radical departure from the rule announced in many of our

previous cases, we must hold that these rulings were erroneous. In *Muldowney v. Railroad Co.,* 39 Iowa, 622, we said: "This question and answer put the witness in the place of the jury to determine the ultimate fact, and it was, therefore, error to admit them. The witness might properly state what facts he knew respecting the treatment and care, and then give his medical opinion upon such facts, or he might be asked his opinion upon an assumed state of facts which the testimony of the other witnesses tended to establish." See, also, *Phillips v. Starr,* 26 Iowa, 351; *Martin v. Light Co.,* 131 Iowa, 739; *Butler v. Insurance Co.,* 45 Iowa, 98; *In re Betts' Estate,* 113 Iowa, 116; *Collins v. Railroad Co.,* 122 Iowa, 231; *Brueggeman v. Railway Co.,* 147 Iowa, 191; *State v. Rainsbarger,* 74 Iowa, 196. See also, the following from other states: *Ill. Cent. R. R. v. Smith,* 208 Ill. 608 (70 N. E. 628); *Hellyer v. People,* 186 Ill. 550 (58 N. E. 245); *People v. Hare,* 57 Mich. 505 (24 N. W. 843); *Lacas v. Railroad Co.,* 92 Mich. 412 (52 N. W. 745); *Rowell v. Lowell,* 11 Gray (Mass.) 420; *Filer v. Railroad Co.,* 49 N. Y. 42; *Tyler v. Wheeler* (Tex. Civ. App.) 41 S. W. 517. These cases and many others which might be cited draw a sharp distinction between a question calling for an opinion by an expert as to what might or might not have caused an injury and one calling for an opinion as to what in fact did cause it. We need only to make the following additional quotations: In *State v. Rainsbarger, supra,* we said: "The counsel for defendant, after stating hypothetically the condition of the body of the deceased, the character of the wounds, and other matters, asked a witness who was a physician how the wounds upon defendant were probably made. The evidence was rightly excluded. It sought for an expression of opinion based upon matters which were to be weighed and considered by the jury, and determined by the exercise of their own judgments, and not upon the opinion of another. The matters upon which the question was based were not

peculiarly within the knowledge of the witness or of the profession to which he belonged." In *Re Betts' Estate*, *supra*, this language was used: "The answer of the witness to the fifth interrogatory was rightly suppressed, for the reason that a witness can not be permitted to give his opinion in answer to any inquiry which embraces the whole merits of the case and leaves nothing for the jury to decide;" Citing *De Witt v. Barly*, 17 N. Y. 347; *Jameson v. Drinkald*, 12 Moore, 148; *Gibson v. Gibson*, 9 Yerg. (Tenn.) 329. See, also, *Muldowney v. Railroad Co.*, 39 Iowa, 615-622, and Rodgers, Expert Evidence, pages 37, 47. In *Martin v. Light Co.*, *supra*, we gave expression to the rule in these words: "It is an accepted rule that, while experts may testify as to what in their opinion may or may not have been the cause of a given result or condition, it is not permissible for them to give their opinion as to the ultimate fact which the jury is organized to determine. See *Sachra v. Town of Manilla*, 120 Iowa, 567, and cases there cited. It is the promise of the jury alone to draw ultimate conclusions. *Largan v. Railroad*, 40 Cal. 272; *Perry v. Graham*, 18 Ala. 822; *Railroad v. Atteberry*, 43 Ill. App. 80; *Butler v. Railroad Co.*, 87 Iowa, 206; *Muldowney v. Railroad Co.*, 39 Iowa, 615; *Marcy v. Insurance Co.*, 11 La. Ann. 748; *Wilson v. Reedy*, 33 Minn. 503 (24 N. W. 191); *Briggs v. Railroad Co.*, 52 Minn. 36 (53 N. W. 1019); *Davis v. Fuller*, 12 Vt. 178 (36 Am. Dec. 334). It is not always easy to draw the line between that which is and that which is not admissible under this rule; but in our judgment the question now under consideration required the witness to enter the domain of the jury and pass upon one of the ultimate propositions inhering in the verdict, and the answer should have been excluded." In *Sachra v. Town of Manilla*, 120 Iowa, 567, we said: "What, in fact, causes a wound or injury, is a question for the jury, but what might or might not have caused it is a matter of expert testimony. Rogers on

Expert Evidence (2d Ed.) page 128. This is the point of distinction which appellant's counsel has overlooked. The ruling is sustained by *State v. Seymour,* 94 Iowa, 705; *State v. Porter,* 34 Iowa, 131; *State v. Morphy,* 33 Iowa, 270; *Armstrong v. Ackley,* 71 Iowa, 76." In *Bruggeman v. Railway Co.,* 147 Iowa, 196, we said: "As these questions called for the very matters which the jury was to determine, rather than answers to hypothetical questions, or as to the time in which such a train might have been stopped, the court was in error in overruling the objection. This is squarely held in *Nosler v. Railroad,* 73 Iowa, 268. See, also, as sustaining the same proposition, 8 Ency. of Pleading & Practice, 751, and cases cited, including the following from Iowa: *Whitsett v. Railway Co.,* 67 Iowa, 150; *Kitteringham v. Railway Co.,* 62 Iowa, 285; *Smith v. Hickenbottom,* 57 Iowa, 733; *Allen v. Railway Co.,* 57 Iowa, 623; *Muldowney v. Railway Co.,* 39 Iowa, 622; *State v. Felter,* 25 Iowa, 67. The distinction between questions which do not usurp the functions of the jury and those which do is pointed out in *Sachra v. Town of Manilla,* 120 Iowa, 562." No cases have been cited by appellee's counsel which depart from these rules, and we know of no departure save perhaps to a modified extent in insanity cases. *Vide, Glass v. Glass,* 127 Iowa, 650; *In re Overpeck's Will,* 144 Iowa, 402; *Mileham v. Montagne,* 148 Iowa, 476; *State v. McGruder,* 125 Iowa, 741; *Searles v. Insurance Co.,* 148 Iowa, 76.

Having so many times announced the rule for this state, and finding it well supported by decisions in other jurisdictions, we do not feel like changing it at this time; thus introducing confusion in the cases. As defendant very strenuously contends that there was no such shock or jar of the train as would have produced the injury claimed by plaintiff, the opinions of these experts as to the probable cause of injury, if erroneous, were manifestly prejudicial, and as said by Hand, J., in *Ill. Central v. Smith, supra:*

"It is apparent from the questions and answers and the rulings of the court that the opinions of the physicians took the form, not of opinions as to how the injury might have been produced, but of direct testimony as to how it occurred and what caused it, which was the very question which the jury were called upon to decide. In view of the evidence, which was in irreconcilable conflict upon the questions as to how the injury occurred, the testimony of the physicians necessarily had great weight with the jury in determining that question, and in all probability aided in producing a verdict in favor of appellee which otherwise might have been in favor of the appellant." We must not be understood as expressing any opinion regarding the merits of plaintiff's case. That question is for a jury under proper instructions. The real cause of the claimed injury should be found by a jury upon proper testimony, and should not be based wholly upon opinions of experts as to the cause thereof. Enough latitude is given, when they are asked, as to what might or might not have produced the injury. With such opinions before them, it was for the jury to find and determine from all the testimony what in fact did cause it.

Because of the error pointed out the judgment must be, and it is, reversed, and the cause remanded for a new trial.—*Reversed* and *remanded.*