CUMBERLAND TELEPHONE & TELEGRAPH CO. *v.* PEACHER
MILL CO.

(*Nashville.*    December Term, 1913.)

1. **EVIDENCE.**   Subjects of expert testimony.   Matter directly in
issue.

In an action by a mill company for damages from the burning
of its storehouse and the stock therein, on the theory that
lightning struck the telephone line of the defendant about
three-quarters of a mile from the storehouse, and that the
current of electricity followed the wire into the building in
which a telephone was installed, causing the ignition, and
alleging defendant's negligence in failing to have ground
connections and appliances near the point of the wire's en-
trance into the building to arrest such a current, in which
the defendant claimed that the building was directly struck
by lightning without the intervention of its wire as a con-
ductor, the answer of plaintiff's expert that, assuming that
the hypothesized fact were true, the fire was probably due to
the lightning discharged from the wire, was inadmissible as
an opinion on the ultimate fact to be determined, invading the
province of the jury. (*Post, p.* 376.)

2. **EVIDENCE.**   Subject of expert testimony.   Negligence.

Though there are exceptions, an expert witness may not give
an opinion as to what is imprudent or negligent, by way of
exception to the general rule that experts may not testify
in the form of an opinion as to an ultimate fact to be de-
termined by the jury. (*Post, p.* 376.)

Cases cited and approved:   Bruce v. Beall, 99 Tenn., 303; Camp
v. Ristine, 101 Tenn., 534; Pointer v. Klamath, etc., Co., 28
Ann. Cas., 1077; Castner v. Davis, 154 Fed., 938; Crane Co.
v. Construction Co., 73 Fed., 984; Goddard v. Enzler, 222 Ill.,
471; Keefe v. Armour, 258 Ill., 28; State v. Hyde, 234 Mo.

Tel. & Tel. Co. v. Mill Co.

200; Sever v. Minneapolis, etc., R. Co. (Iowa), 137 N. W., 937; Lacas v. Detroit, etc., R. Co., 92 Mich., 112; Maitland v. Gilbert Paper Co., 97 Wis., 476; Hamann v. Milwaukee Bridge Co., 127 Wis., 550.

3. **EVIDENCE. Subjects of expert testimony. Cause and effect.**
Where the cause of an existing condition or injury is in dispute, and where the jury must determine which of the causes urged by the respective parties is the right one, an expert opinion is generally admissible to the effect that a certain cause could or might produce the condition. (*Post, p.* 381.)

FROM MONTGOMERY.

Error to Circuit Court, Montgomery County.—W. L. Cook, Judge.

J. M. ANDERSON, for plaintiff in error.

H. N. LEECH, for defendant in error.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This is an action by the Mill Company against the Telephone Company to recover damages for the alleged negligent burning of the Mill Company's store-house and the stock of merchandise contained therein. The suit has been twice before tried; the first trial resulting in a failure of the jury to agree on a verdict, the second resulting in a verdict for the Telephone Company, and the last in a verdict in favor of the Mill Company,

on which the court rendered judgment. An appeal was prayed to the court of civil appeals, and that court affirmed the judgment of the lower court.

The sole assignment of error to be here treated of relates to the admission of the testimony of an expert witness, Prof. Daniel, who holds the chair of physics in Vanderbilt University.

The declaration and the Mill Company's proof went on the theory that a stroke of lightning struck the line of telephone wire and a pole of the Telephone Company, about three-fourths of a mile distant from the store-house, and that the current of electricity followed the line of wire into the building, in which a telephone was installed, causing the ignition and destruction of the storehouse. The negligence averred was in the failure of the Telephone Company to have ground connections and appliances near the point of the wire's entrance into the building, for the purpose of arresting such a current.

A warmly contested question of fact was whether a current so brought in over the wires could or did so arc as to reach the point in the basement of the building where the fire originated; and the Telephone Company's contention, further, was that the building was struck immediately by lightning, without the intervention of its wire as a conductor.

Prof. Daniel was introduced as a witness in behalf of the plaintiff below, and, after qualifying as an expert, was asked a question, the first part of which was

framed in hypothetical form, but which terminated as follows: "Taking that state of facts, and assuming them to be true, state whether it was probable or not that the fire was the result of lightning coming in on that wire? Ans. Then the question is: Was that fire probably due to the lightning discharged from this wire? I say it was." Objection was interposed, on the ground that the question called for a determination of a question that was for the jury, and was an attempt to invade the domain of the jury by an expert witness.

The trial judge overruled the exception, and the court of civil appeals has affirmed that ruling.

The Telephone Company insists that the case of *Bruce* v. *Beall*, 99 Tenn., 303, 41 S. W., 445, is conclusive of the question in its favor. We do not conceive that the court in that case passed directly upon the point thus raised in the present case. In that cited case an expert witness was permitted to testify that it was not prudent to operate an elevator with wire cables, under conditions described, longer than six or seven years; and the court held that the witness, thus testifying to what was not prudent, virtually pronounced upon the culpable negligence of the defendant sued, and that this was tantamount to determining an issue the jury was sworn to try, and for that reason was incompetent.

It is true that Mr. Justice Beard in the opinion used broadly the expression: "We think it clear that in no case can the witness be allowed to give an opinion

upon the very issue involved. To permit this would be to substitute the opinion of the expert for that of the jury, whose duty it is to find the facts."

In the later case of *Camp* v. *Ristine,* 101 Tenn., 534, 47 S. W., 1098, the same able judge had occasion to qualify the broad statement just quoted, and to show that there are exceptions to the rule that experts may not testify in the form of opinion as to an ultimate fact to be determined by the jury. In the later case the opinion of a physician was held admissible as to the value of the professional service of a physician—a fact to be found by the jury. This by way of exception to the general rule.

There are exceptions to the rule which grow out of necessity or compelling convenience. It is argued by counsel for appellee, and was held by the court of civil appeals, that there is here presented such an exception.

*Bruce* v. *Beall,* supra, in establishing that an expert may not give an opinion as to what is imprudent or negligent, by way of exception to the general rule, is in accord with the decided weight of authority on that point in other jurisdictions. *Pointer* v. *Klamath, etc., Co.,* 28 Ann. Cas., 1076, note.

The court of civil appeals in its opinion said: "This question, in view of some of the holdings of our supreme court, especially *Bruce* v. *Beall,* has given us much concern. We are of the opinion, however, that when properly understood no error was committed. It is true that the jury was called upon to determine

the cause or origin of the fire; but, as pointed out in the numerous cases brought to our attention by counsel of appellee (*Transportation Line* v. *Hope,* 95 U. S., 297, 24 L. Ed., 477; *Texas, etc., C. R.* v. *Watson,* 190 U. S., 291 [23 Sup. Ct., 681], 47 L. Ed. 1059; *Gila Valley, etc. R. Co.* v. *Lyon,* 203 U. S. 465 [27 Sup. Ct., 145], 51 L. Ed., 276; *Goddard* v. *Enzler,* 222 Ill., 462 [78 N. E. 805]), the ultimate fact was the negligence of the plaintiff in error in not installing or using devices or appliances. It will be noticed that this distinction was not observed by Judge Beard in *Bruce* v. *Beall,* supra. Hence it should not be construed as conclusive authority upon this point."

*Bruce* v. *Beall* does not lack conclusiveness for the reason assigned by the court of civil appeals. That case, along with the majority of cases in other jurisdictions, runs counter to the doctrine announced by the supreme court of the United States in the cases cited by the court of civil appeals in the above excerpt, and is not to be held inconclusive on the point it does immediately treat.

*Bruce* v. *Beall,* supra, however, did not deal with the admissibility of experts on the point of showing that a certain effect was produced by a certain cause, where that matter is a contested one. No case decided by the supreme court of the United States has gone to the extent of holding that expert evidence as to causation is admissible. The rule in the federal courts appears, rather, to be in accord with appellant's contention: *Castner* v. *Davis,* 154 Fed., 938, 83 C. C. A.,

510; *Crane Co.* v. *Construction Co.*, 73 Fed., 984, 20 C. C. A., 233.

The supreme court of Illinois, instead of supporting such a doctrine, has declared to the contrary in several recent cases.

In *Illinois, etc., R. Co.* v. *Smith*, 208 Ill., 608, 617, 70 N. E., 628, 631 it was said: "The appellee has referred to a number of decisions of this court, . . . and of the courts of last resort in other states, which, it is insisted, sustain the position that the opinion evidence above referred to is competent. An examination of those cases discloses the fact that they, generally, are cases where physicians have been allowed to express an opinion as to what might have caused the injury the cause of which was being investigated, but none of them, so far as we have been able to discover, sustain a course of examination which calls for an opinion from the expert as to the cause of the injury, and they all recognize the fact that the question of what did cause the injury is a question of fact for the jury, and not for the witness." The later cases of *Goddard* v. *Enzler*, 222 Ill., 471, 78 N. E., 805, and *Keefe* v. *Armour*, 258 Ill., 28, 34, 101 N. E., 252, are in accord.

In *Martin* v. *Light Co.*, 131 Iowa, 724, 739, 106 N. W., 359, 364, the rule is well declared: "It was the theory of the defendant that Bass was not killed by an electric shock, but died from heart disease or other natural cause. A witness on the stand was asked by plaintiff's counsel the following question: 'You may state, Mr. Spry, from your knowledge of electrical laws, and from

the machinery there, and from what you saw, what is your opinion as to whether or not Bass received an electric shock before he fell?' Defendant's objection to the competency of the testimony was overruled, and the witness answered: 'My opinion is that he did.' We think the objection to the question should have been sustained. It is an accepted rule that, while experts may testify as to what in their opinion may or may not have been the cause of a given result or conditions, it is not permissible for them to give their opinion as to the ultimate fact which the jury was organized to determine. . . . The question now under consideration required the witness to enter the domain of the jury and pass upon one of the ultimate propositions inhering in the verdict." See, also, *State* v. *Hyde,* 234 Mo., 200, 136 S. W., 316, 25 Ann. Cas., 191; *Sever* v. *Minneapolis, etc., R. Co.* (Iowa), 137 N. W., 937, 44 L. R. A. (N. S.), 1200; *Lacas* v. *Detroit, etc., R. Co.,* 92 Mich., 412, 52 N. W., 745; Rogers, Expert Testimony (2d Ed.), 128.

Courts holding to the contrary of *Bruce* v. *Beall,* on the point of the establishing by experts of imprudence or lack of due care, hold against the admissibility of such evidence in establishing what is the producing cause. For example: *Maitland* v. *Gilbert Paper Co.,* 97 Wis., 476, 72 N. W., 1124, 65 Am. St. Rep., 137; *Hamann* v. *Milwaukee Bridge Co.,* 127 Wis., 550, 106 N. W., 1081, 7 Ann. Cas. 458.

Generally speaking and without stopping to define exceptions, it may be said that where the cause of an

existing condition or injury is in dispute, and where the jury must determine which of the causes urged by the respective parties is the right one, an expert's opinion may be admitted to the effect that a certain cause could or might produce the condition; but to permit him to testify as to what in his opinion probably did it would be to supplant the jury by the witness. In this case the jury might well have concluded that the testimony of Prof. Daniel, admitted by the trial judge over objection, imposed on it a peculiar deference to the expert's opinion as to the true cause of the conflagration.

For this error, the judgment of the court of civil appeals is reversed, with remand for a new trial.