HOWARD KELLY, Appellee, v. MUSCATINE, BURLINGTON & SOUTHERN RAILROAD COMPANY, Appellant.

**EVIDENCE:** **Opinion Evidence—Unallowable Conclusion.** The voluntered statement of a railway conductor to his superior officer to

the effect that, if an oil stove be placed in a passenger car, *"somebody will be burned up,"* is an unallowable conclusion.

**APPEAL AND ERROR:** Affirmance—Reduction of Verdict. An error in the admission of evidence which can have no other effect than to enhance the amount of the verdict may be cured on appeal by a reduction of the verdict.

**TRIAL:** Instructions—Interpreting Pleading and Evidence. The submission of the issue of *"unskillfulness and incompetency"* on the part of a train crew is justified by a pleading, and supporting evidence, to the effect that said crew was *"not the regular crew,"* but was a *"green"* crew.

**TRIAL:** Instructions—Abstract Instructions—Failure to Request Elaboration. A common carrier of passengers may not complain of the failure of the court to present *specifically* its theory of an accident, when such theory is *abstractly* presented, and there is no request for elaboration.

**NEW TRIAL:** Verdict—Excessiveness—$40,000. Record reviewed, and *held* that a verdict for $60,000 for personal injuries, reduced by the court to $40,000, was excessive, and should be reduced to $30,000.

*Appeal from Louisa District Court.*—James D. Smyth, Judge.

JANUARY 16, 1923.

ACTION to recover damages for personal injuries caused by the derailment and burning of an interurban motor car upon which the plaintiff was a passenger. Cause tried to a jury resulting in a verdict for the plaintiff in the sum of $60,000. The trial court reduced the amount of the verdict to $40,000 which the plaintiff elected to take in lieu of a new trial. Judgment was entered accordingly and defendant appeals.—*Affirmed on condition.*

*Hoffman & Hoffman* and *E. M. Warner,* for appellant.

*R. P. Howell* and *F. F. Messer,* for appellee.

De Graff, J.—This is an action to recover for personal injuries received by the plaintiff while a passenger on a motor

car of the defendant railway company. The defendant in addition to steam trains for freight traffic operated interurban gasoline motor cars for the carriage of passengers.

Plaintiff purchased a ticket at Muscatine, and his destination was Wapello, Iowa. At a point about four miles from Muscatine at 6 o'clock P. M. December 4, 1919 the car in which plaintiff was riding left the rails, overturned, and completely burned causing very severe injuries to plaintiff. The car was lighted by electricity and heated chiefly by means of a kerosene stove which was not fastened to the car but could be moved about as weather conditions or the comfort of the passengers might require. The stove at the time of the accident was in the front end of the car. A gasoline tank of 22 gallons capacity was also in front and on the left side of the car and inclosed in a box-like structure.

Plaintiff's petition contains the following allegations of negligence: (1) That the roadbed of defendant's line was not in proper condition (2) That the car was being operated at a high and dangerous rate of speed (3) That near the point of the accident there was a broken rail which caused the car to leave the track and that the defendant, though having timely notice of the broken rail, had failed to repair or replace the same (4) That the crew in charge of the car at the time of the accident was not a regular crew, and that they did not slow down at the place of the broken rail and drove at a rapid and dangerous rate of speed over the broken rail thereby causing the car to leave the track (5) That the defendant was negligent in the properly equipping said car and in allowing a green crew to handle same (6) That the defendant was negligent in having the coal oil heater at the front end of the car not properly equipped to prevent fire in case of accident (7) That the defendant made no effort to rescue passengers after the car was on fire.

The defendant in answer denied that the accident and injury to the plaintiff was caused by its negligence or the negligence of its agents or employees, and admitted that it is a corporation engaged in operating a railroad as charged by plaintiff, that it was a public carrier of passengers for hire and that one of its cars at the time and place as alleged left the track and

was burned and that plaintiff was injured, but to what extent the defendant did not know.

The primary errors relied upon by appellant for reversal are: (1) The admission of certain evidence (2) The giving of certain instructions which submitted to the jury issues not made by the pleadings or supported by the evidence (3) Failure to submit in proper instructions the defendant's theory of the case (4) That the verdict was the result of passion and prejudice and that the error was not cured by causing the plaintiff to file a remittitur in the sum of $20,000.

I.   The first point has to do with certain questions and answers under objections of defendant as found in the testimony given by plaintiff's witness, P. W. Keefover. This witness at the time of the accident was the storekeeper and extra-conductor in the employ of the defendant. He was the conductor of the ill fated car on the evening in question. It appears that prior to the accident the general manager, T. W. Krein, of the defendant company had a telephone conversation with Keefover at which time the witness was directed to procure a heater for the car. In that conversation Keefover told the general manager that "if he put that stove in the car somebody would be burned up." An objection was interposed to the question on the ground that it was immaterial, irrelevant and the opinion and conclusion of the witness, which objection was overruled and exception noted. A motion to strike the answer was made for the same reasons, which motion was overruled.

1. Evidence: opinion evidence: unallowable conclusion.

The allegation of negligence in plaintiff's petition in relation to the stove is as follows: "That the said defendant was further negligent in that the coal oil heater in the front end of the car was not properly equipped to prevent fire in case of accident." We are committed to the rule that when all the pertinent facts can be sufficiently detailed and described to enable the jurors to form a correct conclusion without the aid of opinions no exception to the rule excluding opinion evidence will be tolerated. *Dempsey v. City of Dubuque,* 150 Iowa 260; *Curl v. Chicago, R. I. & P. R. Co.* 63 Iowa 417; *Thayer v. Smoky Hollow Coal Co.* 121 Iowa 121; *Fitch v. Mason City & C. L.*

*Trac. Co.* 116 Iowa 716; *Collins v. Chicago, M. & St. P. R. Co.* 122
Iowa 231; *Johnston v. Delano,* 175 Iowa 498.

The challenge to the testimony should have been sustained,
but in the light of the pleadings and the evidence offered, the
prejudicial effect thereof was only to enhance the verdict, and
in all probability afforded some ground for in-
tensive argument on the part of plaintiff's
counsel.    The volunteer statement was not bind-
ing upon the defendant company as to its liability in the prem-
ises, and the liability, if any, of the company was not affected
by notice, or the absence of it.    Whatever prejudice resulted can
be cured by the diminution of the verdict and it will be so cured.

2. APPEAL AND
ERROR: affirm-
ance: reduction
of verdict.

II. We now turn to the instructions against which com-
plaint is lodged.    It is urged that certain of the instructions sub-
mitted issues to the jury not joined by the pleadings and which
the evidence fails to support.    It was not nec-
essary for the plaintiff to allege in his petition
specific acts of negligence, but having done so,
he cannot depart from the issues thus tendered and a court is
warranted in submitting only those grounds which find support
in the evidence. *Carter v. Kansas City, St. J. & C. B. R. Co.*
65 Iowa 287. *Miller v. Chicago & N. W. R. Co.* 66 Iowa 364;
*Babcock v. Chicago & N. W. R. Co.* 72 Iowa 197; *Stone v. Chi-
cago, R. I. & P. R. Co.* 149 Iowa 240; *Miller v. Chicago, M. &
St. P. R. Co.* 76 Iowa 318; *Hanley v. Ft. Dodge L. & P. Co.* 133
Iowa 326.

3. TRIAL: instruc-
tions: interpret-
ing pleading
and evidence.

In one instruction it is stated that plaintiff charges that the
employees of the defendant engaged in the movement and con-
duct of the motor car at the time of the casualty in question
"were unskilled and incompetent to properly and safely operate
the same and that their want of skill and efficiency was one of
the contributing causes of the overturning of the car and the
injuries resulting therefrom."

The issue tendered by the petition in this particular is that
those in charge of the car at the time of the accident "were not
a regular crew" and that the defendant was negligent "in
allowing a green crew to handle the same at said time."    The
instruction given fairly reflects the charge as stated in the peti-
tion.    To charge that the car was committed to the care of

"green" hands other than the regular or usual crew is the equivalent of saying that they were inexperienced and unskilled. It cannot be seriously claimed that the meaning intended would be misunderstood. The issue tendered by the plaintiff is an implied averment of unskillfulness or incompetence and the trial court so accepted the issue and instructed accordingly. The petition was not attacked by motion or otherwise and the evidence was introduced on the theory that the averment charged the operation of the car by unskilled or incompetent employees. It was for the jury to determine whether the defendant was liable for some negligent act or omission on its part dependent on the skillfulness or want of qualifications of its employees and whether such act or omission was a proximate or contributing cause to the injury alleged.

It is also contended that the court erred in submitting to the jury the issue tendered by plaintiff that the defendant had not properly equipped its car. This allegation has special reference to the kerosene stove. The point is not well taken. Negligence on the part of the company in this particular was sufficiently pleaded and the evidence offered in support thereof presented a jury question.

III. Plaintiff's right to recover is primarily based upon two grounds: (1) That there was a defect in the rail known to the defendant (2) The failure to properly equip the stove to

4. TRIAL: instructions: abstract instructions: failure to request elaboration.

prevent fire in case of accident. Defendant contends that the derailment was caused by the coming off of a wheel which was independent of the defect in the rail. Having tendered evidence in support of this proposition it is urged that the court should have specifically presented its theory of the case to the jury.

The theory of this accident was the major point for decision by the jury, and the theory of both plaintiff and defendant should be definitely given to the jury in the instructions of the court under the issues and the evidence. However, the failure to do so as claimed by appellant in the absence of request for more specific instructions by the defendant is not reversible error, as the court gave an instruction which embodied as an abstract proposition the theory of the defendant. The jury was told if they should find from a fair preponder-

ance of the evidence that in the maintenance of a track and roadbed in the locality where the plaintiff was injured and in the equipment and operation of the motor car in which he was riding at the time of receiving the injuries alleged, the defendant exercised the highest degree of care and diligence reasonably practicable in the conduct of the business of its said railroad to protect the plaintiff and the other passengers upon the said motor car from any peril which human care and foresight could reasonably anticipate and avoid, you should then find that the defendant was not negligent in the transaction in controversy and the plaintiff cannot recover.

IV.   Lastly it is claimed that the verdict of the jury is excessive and the result of passion and prejudice.   That it was excessive we have no doubt and the amount as originally fixed sounds punitive in character.   The trial court in ordering a remittitur must have considered the verdict excessive, but the reason for his action is not disclosed.

5. NEW TRIAL: verdict: excessiveness: $40,000.

We reach the conclusion that the verdict must be further reduced and it is reduced to the sum of $30,000.   If the plaintiff elects to take this amount in the sum of $30,000 within 30 days from the filing of this opinion in the office of the clerk of the Supreme Court of the state of Iowa then this cause will stand affirmed, otherwise reversed.—*Affirmed on condition.*

PRESTON, C. J., WEAVER, EVANS, ARTHUR, and FAVILLE, JJ., concur.

STEVENS, J., dissents.