ROBERT Y. WALLEN, JR., EXECUTOR, *v.* WILLIAM H. COL-
LINS; ROBERT Y. WALLEN, JR., ET AL., *v.* WILLIAM H.
COLLINS.

(*June* 7, 1934.)

LAYTON, C. J., and RODNEY, J., sitting.

*John J. Morris, Jr.,* for plaintiffs.

*Charles Stewart Lynch* for defendant.

Superior Court for New Castle County, No. 188, March Term, 1934.

LAYTON, C. J., delivering the opinion of the Court:

The plaintiffs instituted actions in the Court of Common Pleas for New Castle County against the defendant as a holding over tenant. By *Chapter* 123, *Rev. Code* 1915, summary jurisdiction is given Justices of the Peace in matters relating to forcible entry, detainer and holding over after notice to quit. By *Chapter* 250, *Vol.* 29, *Laws of Delaware,* as amended by *Chapter* 219, *Vol.* 30, the Court of Common Pleas for New Castle County is given concurrent jurisdiction of the same subject matters occurring in the County of New Castle. By *Chapter* 224, *Vol.* 33, *Laws of Delaware,* being an amendment to the statute relating to Court of Common Pleas, it is provided,

"* * * that the defendant in any action commenced in the said Court of Common Pleas may remove the same to the Superior Court * * * in and for New Castle County."

The defendant, assuming that the last quoted statute authorized the removal of this type of action to the Superior Court, proceeded under the statute to effect the removal of

the causes, whereupon the plaintiff moved for an order to remand them to the Court of Common Pleas on the ground that this Court has no jurisdiction.

The defendant's contentions are these:

(1) That the Superior Court, by *Section* 7, *Art.* 4 of the *Constitution*, has jurisdiction of all causes of a civil nature at common law, and suggests that it has been recognized in this state that actions of forcible entry and detainer and holding over are common law actions, citing *Lofland v. Emory*, 2 *Harr.* 297.

(2) That, by *Section* 20 of the same article of the Constitution, the General Assembly has power to confer upon the Superior Court jurisdiction and powers in addition to those specifically mentioned in the section, and that the statute, *Chapter* 224, *Vol.* 33, by the use of the words "in any action," confers jurisdiction upon the Superior Court of New Castle County over such actions upon their removal from the Court of Common Pleas.

Forcible exclusion of another from his lands and tenements was an indictable offense at common law. In England, by Statute, Justices of the Peace were given summary jurisdiction over forcible entries and detainers, even to the extent of the power to award restitution of possession. The proceedings were criminal in character and not civil, and were limited to cases involving actual or threatened breaches of the peace. A mere case of holding over after lawful entry, involving no actual breach of the peace, was regarded as a civil injury and not properly within the object of the jurisdiction of Justices. In such case, if after inquiry, it appeared doubtful whether there was any breach of the peace in the entry or whether the party in possession had at least an equitable right to retain it, the complaining party was left to his remedy by indictment or by action of ejectment. 2 *Chitty's Gen. Pr.* (1st Am. Ed.) 239.

We can find no authority for holding that the common law recognized a civil action for forcible entry or detainer cognizable by courts of general jurisdiction; and in this state it has never been suggested, so far as we are able to discover, that a civil action for forcible entry, detainer or holding over could be instituted in the Superior Court. *Lofland v. Emory, supra,* neither so holds nor suggests. What there was before the Court was the 12th *Section of the Landlord and Tenant Act* as it appeared in the *Code* of 1829, at *page* 361, giving to the landlord a right of action to recover double rent upon the failure of the tenant to surrender after notice to quit. This statute expressly provided that the withholding of possession in such case should be a forcible detainer, and that the double rent might be levied by distress, or recovered by action in the same manner as the single rent could have been recovered.

Generally, it may be said, with respect to civil remedies in matters relating to forcible entry and detainer, that although they have been evolved from the criminal proceedings in like manner in England, the remedies are purely statutory and are not common law actions. 26 *C. J.* 811.

In this state, the first statute relating to forcible detainer was enacted in 1793, *Section* 12, *c.* 39, *Vol.* 2, *Laws of Delaware,* which was amended in 1803, by *c.* 132, *Vol.* 3. The preamble to the act recites the great expense and injurious delays to which lessors and landlords were subjected by the necessity of bringing ejectments against tenants holding over after the determination of their terms, and, "for preventing such unjust practices" it was enacted that a landlord might make complaint before any two Justices of the Peace of the County, whereupon, a warrant issued to the Sheriff for the summoning of a jury of twelve freeholders, as well as the tenant, to appear and show cause before the Justices and freeholders why restitution of pos-

session should not be forthwith made. The freeholders were empowered to assess damages against the tenant for the unjust detention of the premises, for which damages and reasonable costs, the Justices were empowered to enter judgment which was final and conclusive. By *Act* of February 2, 1827, *Code* of 1829, 283, the jurisdiction of two Justices was preserved, as well as the jury of twelve free-holders, and the proceedings were set out in detail. By the *Code* of 1852, *c.* 101, the procedure was somewhat simplified. Jurisdiction was conferred upon one Justice of the Peace with power to determine the cause unless a jury trial was requested, in which case a jury of twelve judicious and impartial men was required to be summoned. By *Chapter* 86, *Vol.* 14, *Laws of Delaware,* the jury was reduced from twelve to three. There is no provision for appeal from a judgment of a Justice of the Peace in such actions and this court, in *David v. Frantz,* 7 *Boyce* (30 *Del.*) 293, 105 *A.* 837, held there was no appeal from a judgment of the Court of Common Pleas in the exercise of its concurrent jurisdiction. The object of the statutes was, and still is, to prevent expense and delays incident to trial in the Superior Court. The remedy was summary, and was, and is, intended· so to be.

It is clear that the Superior Court has no jurisdiction over this type of action as a common law action. The question, therefore, is whether the Superior Court of New Castle County by necessary inference is given jurisdiction by the use of the words, "in any action" in the removal statute. It is admitted that jurisdiction may be conferred either by express terms or by necessary implication. Express terms are lacking, and, therefore, what is to be determined is whether by necessary inference the Superior Court has acquired jurisdiction under the removal statute. The Legislature had a definite purpose in enacting the statute. That purpose was not to enlarge the jurisdic-

tion of the Superior Court but to effectuate the removal of causes of action as to which the Superior Court had jurisdiction. The purpose limits by implication the sense of general expressions. The purpose for which the law was enacted is of first importance, and the purpose and intention, when ascertained, must be given effect, although it may not be consistent with the strict letter of the statute. The letter is not to be regarded as controlling when it leads to conclusions inconsistent with the general purpose of the statute. 2 *Sutherland Stat. Cons.*, §§ 363, 369; and this is especially true where adherence to the letter would result in absurdity or injustice. 59 *C. J.* 964; 25 *R. C. L.* 1022. Procedural statutes should be construed, if possible, so as to preserve the essentials of harmony and consistency in the judicial system. 59 *C. J.* 1130.

Tested by these established principles of statutory construction and interpretation, it is not difficult to determine that the Legislature did not intend, by the not too careful use of the words "in any action," to destroy the purpose of the ancient statutes affording a speedy determination of forcible entry, detainer and holding over causes, nor to create a judicial system, absurd and unjust, with respect to these actions, whereby a defendant in such action, before a Justice of the Peace, may be summarily concluded, but the same defendant, in Court of Common Pleas of New Castle County, may remove the cause to the Superior Court of that County with the accompanying right of a writ of error to that Court. This result would be a veritable negation of the purpose of the statutes.

We, therefore, hold that the words "in any action," as used in the removal statute, were not intended to confer jurisdiction upon the Superior Court of New Castle County over causes of action arising from forcible entry, detainer, or holding over, and the proceedings are, therefore, remanded to the Court of Common Pleas.