J. GILPIN HIGHFIELD, Register of Wills in and for New
Castle County, *v.* DELAWARE TRUST COMPANY, Execu-
tor of the Last Will and Testament of William duPont,
Deceased.

(*December* 17, 1936.)

LAYTON, C. J., HARRINGTON and RODNEY, J. J., sitting.

*Harry W. Lunger* for plaintiff.

*James H. Hughes, Jr.,* (of Ward and Gray) for defendant.

Superior Court for New Castle County, March Term, 1936.

LAYTON, C. J., delivering the opinion of the Court:

Prior to the enactment of *Chapter* 60, *Volume* 23, *Laws of Delaware,* approved April 6, 1905, certain County

Officers, including Registers of Wills, received their compensation by way of fees.

The earliest fee bill incident to the office of Register of Wills seems to have been established by *Chapter* 125, *Revised Code* of 1852. This fee bill, the forerunner of subsequent ones, was in detail, covering all services rendered by that officer. Among them were fees for "adjusting and settling account, certifying and registering such settlement," and they were calculated and chargeable upon "the sum of debts and credits," inclusive of interest, on an ascending scale.

By *Chapter* 159, *Volume* 13, *Laws of Delaware,* enacted in 1867, fees were established for recording and indexing accounts and settlements. These fees were calculated and chargeable upon "the whole amount of the estate," likewise in an ascending scale.

The purpose of these enactments was to provide a reasonable compensation to the officer for the services rendered by him. From them he maintained his office.

By *Chapter* 60, *Volume* 23, *Laws of Delaware,* all the fees, costs, allowances and other perquisites which were taxable and paid to County Officers, including Register of Wills, for any official service rendered, were declared to be for the sole use of the county of such officers. Salaries were provided in lieu of fees.

By *Chapter* 246, *Volume* 24, *Laws of Delaware,* the fee bill incident to the office of Register of Wills in Kent and Sussex Counties was revised; and a revision of the fee bill incident to the same office in New Castle County was accomplished by *Chapter* 247 of the same volume. The basic idea seems to have been to establish scales of fees which would produce revenues sufficient to maintain the offices, for in important particulars, notably in respect of

fees for adjusting and settling accounts, and for recording and indexing them, the fees established for the office in New Castle County, where the volume of business was greater and the estates were larger, the fees were made much less than in the other counties.

The framework and general language of the early fee bills were retained, but the scales of charges for adjusting and settling accounts, and for recording and indexing them, were revised.

The acts were not, in any proper sense, revenue measures, although the result may have been, especially in New Castle County, the production of revenues more than sufficient for the maintenance of the offices.

The fees in New Castle County for "Filing, adjusting and settling account" were established in fixed amounts on an ascending scale, upon the sum of debts and credits inclusive of interest calculated, up to $40,000.00. Beyond that sum the fee was fixed at one-fourth of one per cent. With regard to recording and indexing accounts fixed amounts were established as fees upon the "total estate," on an ascending scale, up to $1,000.00. Over that amount, the fee was twenty-five cents for each $500.00 or fractional part thereof.

The New Castle County fee bill remained until 1929, when, by *Chapter* 275, *Volume* 36, *Laws of Delaware,* after the words "one-fourth of one per cent." were added, "not exceeding in any case, however, the sum of $20,000.00"; and after the words, "in excess of $1,000.00, twenty-five cents," were added, "not exceeding, however, in any case the sum of $1,500.00."

By *Section* 2, the *Act* (*Chapter* 275, *Vol.* 36) was made applicable to all estates in which no final account had been settled and passed at the time of its approval.

The *Act* seems to disclose the purpose and intent to establish maximum sums to be charged for the respective services, but it is urged that as the word, "account," and the phrase, "accounts and settlements," are used without modification or explanation, the limitation of the charges or fees were intended to apply to each account filed, and not to the entire administration of the estate.

It will be noticed that the fee for recording and indexing is based upon "the total estate." With respect to this fee, therefore, the legislative purpose seems to have been expressed clearly and without ambiguity. Likewise, *Section 2* of the *Act* makes it sufficiently clear that it was intended to give the benefit of the enactment to all estates, including those in the process of settlement, and to make it applicable to the estate as a whole.

But conceding ambiguity of expression that calls for construction, the great rule is that the intention of the Legislature must be ascertained and given effect. Primarily, the intent and purpose are to be determined from the language of the statute itself, but where the purpose is clear, it must prevail even though the result is not consistent with the strict letter of the statute. *Harlee v. Federal Finance Corporation*, 4 *W. W. Harr.* (34 *Del.*) 345, 152 *A.* 596; *Wallen v. Collins*, 6 *W. W. Harr.* (36 *Del.*) 266, 173 *A.* 801. Furthermore, the Court must consider the evil to be cured and the object to be accomplished. *State v. Grier*, 4 *Boyce* 322, 88 *A.* 579.

Whatever significance is to be given to the word, "account," standing alone, must be qualified by the phrase, "not exceeding, however, in any case." The word, "case," has various meanings. In a legal sense it means "suit," but in its ordinary usage it means "event," "happening," "situation," "circumstances." Webster's New International Dictionary; *Dickey v. Smith*, 42 *W. Va.* 805, 26 *S. E.* 373.

If the plaintiff's interpretation of the statute is correct, the manifest purpose of the legislature to limit fees for the particular services would be disregarded, for in the settlement of very large estates, the fees would be increased and not diminished.

██ ██ The practical construction given doubtful statutes by officers whose duty it is to execute them is, of course, entitled to weight. *Doe ex dem. Wilkerson v. Roe et al.,* 6 *W. W. Harr.* (36 *Del.*) 1, 171 *A.* 191. But, the construction of the act by Registers of Wills cannot be allowed to control the Court when it is called upon to construe it. *State, to Use of Knox County, v. Murphy,* 101 *Tenn.* 515, 47 *S. W.* 1098. Furthermore, it is stipulated that no case has arisen in the office since the enactment of the statute, in which two or more accounts have been filed in the same estate showing, separately or in the aggregate, credits in excess of the amount at which the maximum fees could be charged.

██ ██ Statutes relating to fees and compensation of public officers are construed strictly. 2 *Sutherland, Stat. Cons.* 714. The right to them must be construed strictly against the officer and in favor of the public. *McQuillen, Munic. Corp.* (2d *Ed.*), *Vol.* 2, § 534. Viewing the statute, therefore, as one establishing fees to be charged by the county for services rendered by its officer, the rule of strict construction in favor of the public applies.

██ It is suggested, however, that the Legislature has wandered into the field of taxation for general county purposes. Even so, the plaintiff is not helped, for a due regard for individual rights and the plainest principles of justice require that taxing statutes shall have only the effect which the Legislature clearly intended, and in construing them all reasonable doubts as to such intent should be resolved in favor of the citizen. 2 *Lewis Stat. Cons.,* § 537.

██ The object to be accomplished by the enactment

was to limit the fees to be charged for certain specified services rendered by the Register of Wills for New Castle County. The Legislature resolved that in no case should the fees exceed specified amounts. The statute contemplates the entire estate as it comes before the Register of Wills for examination, adjustment and settlement, and not to the periodical returns or accounts that form a part of the entire settlement.

Judgment is rendered for the defendant for costs.