P. E. ENIX v. IOWA CENTRAL RAILWAY COMPANY, Appellant.

LOSS BY FIRE: *Expert testimony on value.* In an action for the destruction of plaintiff's dwelling house by fire emitted from defendant's engine, it was not error to admit testimony of an insurance agent as to the cost of a building similar to the one burned, where there was other evidence showing that his method of estimating such cost was approximately correct.

CROSS-EXAMINATION. Where, in an action for the burning of plaintiff's dwelling house, defendant's expert witnesses had testified to the cost of building a house the same size and dimensions as the one destroyed, it was not error to permit plaintiff to ask them on cross-examination as to the cost of a building of different size and shape from the one destroyed, since plaintiff was not bound to confine his inquiries to a building of the same proportions as that described by them in defendant's examination in chief.

MISCONDUCT OF COUNSEL. Where, in an action for the destruction of a dwelling house by fire from defendant's engine, defendant contended that the fire was the result of a defective chimney, and was not caused by defendant's engine, and there was no evidence as to the condition of the engine, the fact that plaintiff's counsel, in his argument, referred to the engines as "old fire traps" and the court, on objection thereto, stated that "he thought the remark not objectionable; that counsel had a right to call them 'fire traps,'" did not constitute prejudicial error, justifying a new trial.

ASSIGNMENTS OF ERROR: *Exceptions.* Assignments of error, based on the reception of evidence, will not be considered, where no objection was preserved below.

*Appeal from Monroe District Court.*—HON. F. W. EICHELBERGER, Judge.

FRIDAY, OCTOBER 5, 1900.

ACTION to recover of the defendant a loss by fire claimed to have been set by its engine. Verdict and judgment for the plaintiff. Defendant appeals.—*Affirmed.*

*T. B. Perry* and *N. E. Kendall* for appellant.

*Townsend & Mason* and *Bolton, McCoy & Bolton* for appellee.

SHERWIN, J.—Complaint is made of the reception of testimony tending to prove the cost of a building alleged to be of different size and shape from the one burned. So far as the record before us shows, no objection was made to this testimony, and the one now presented cannot be considered. A witness, who was an insurance agent, and adjuster of losses by fire, testified, over the defendant's objection, as to the cost of a building similar to the one burned. His testimony was based upon what was called an "adjuster's rule," which figures the cost of a building at so much per cubic foot of space in the building above the foundation. The evidence of carpenters tended to show that the rule under which this witness made his estimate was approximately correct,—so determined by their own experience. The evidence was properly admitted. On the cross-examination of defendant's experts on the cost of buildings, the plaintiff was permitted to ask questions as to the cost of a building of a different size and shape from the one testified to in chief. There was no error in this. The plaintiff, in the first place, was not bound to confine his inquiries to the exact dimensions of the building under consideration on direct examination of the witness; and, in the second place, because there was testimony in the record tending to support the theory of the cross-examination; and, further, the verdict itself clearly indicates that no possible prejudice could have resulted from the cross-examination complained of, if not correct. The record does not show that the witness G. W. Stamm testified as claimed by counsel in argument, and we discover nothing in the testimony he did give which was prejudicial to the defendant.

The defendant very urgently presses its claim that a new trial should have been granted because of language used by counsel for the plaintiff in presenting the case to the jury. The statement was made and repeated that the defendant's engines were old fire traps. There was no direct testimony on either side of the case as to the condition of any of the defendant's engines, nor as to the means used to arrest sparks on the engine supposed to have set the fire in question. The burned building was situated 150 feet from the nearest point on the railroad track. The issue was squarely made that the fire was the result of a defective chimney, and was not caused by defendant's engine. There was also testimony tending to show that other fires had been set by defendant's passing trains. In view of the whole record, we reach the conclusion that the statement was not such as to require a reversal of the case. The remark of the trial court, in ruling upon an objec-

tion to this language, that he thought it not objectionable, and that counsel had a right to call them "fire traps," could not well have been understood by the jury as meaning anything more than that it was proper comment under the evidence. As the language itself was not, in our judgment, prejudicial, we think the remark of the court did not make it so, or influence the jury to the prejudice of the defendant. The verdict, both as to the cause of the fire and as to the value of the house, finds ample support in the evidence, and the case is AFFIRMED.

GRANGER, C. J., not sitting.