PETTERSON v. THOMAS.

(Supreme Court, Appellate Term. June 21, 1912.)

EVIDENCE (§ 543*)—EXPERT TESTIMONY—QUALIFICATION OF EXPERT.

In an action for breach of a contract for the alteration of a building, a witness, concededly a competent expert in estimating the cost of work, is not disqualified to testify as to the profits because, in computing the cost of the work, he did not separate the cost of the labor from the cost of the material; that fact going to his credibility, and not his competency.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2356½–2358; Dec. Dig. § 543.*]

Appeal from City Court of New York, Trial Term.

Action by Charles J. Petterson against James C. Thomas. From a judgment dismissing the complaint, plaintiff appeals. Reversed and remanded.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Charles Swanson, of New York City (I. Balch Louis, of New York City, of counsel), for appellant.

Edward A. Isaacs, of New York City, for respondent.

LEHMAN, J. The plaintiff sues for damages caused by defendant's refusal to permit the plaintiff to perform a contract for the alteration of a building belonging to defendant.

At the trial the plaintiff showed the making of a contract and its breach. He then attempted to show the difference between the contract price and the cost of the work, by the testimony of a witness who is conceded to be a competent expert in estimating cost of work. This witness showed that he had separated the items of work, calculating the number of bricks required, the number of cubic feet of brickwork, and the number of cubic feet of excavation, etc. Although the memoranda of his calculations covered 11 or 12 pages, he had not separated the items, so that he could testify separately as to the cost of the materials and the labor entering into each item, but could testify as to the cost of each item, based upon his experience of doing such work, per cubic foot. This testimony was excluded, on the ground that it was not competent evidence. It seems to be quite obvious that, after the witness had shown knowledge of the work to be done and competency as an expert to give an opinion of the cost of the work, his testimony should have been admitted. The manner in which he arrived at his opinion was material upon the weight to be

given to his testimony, and could have been shown on cross-examination; but the testimony was in itself competent, and should have been submitted to the jury.

Judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.