## Pugh v. Jackson, Jr.

(Decided September 23, 1913).

### Appeal from Laurel Circuit Court.

Verdict—Signature of Juror by Mark.—A verdict returned by nine jurors is valid, although one of the jurors made his signature by making his mark, and his signature was not witnessed. (For original opinion see 154 Ky., 649).

SAM C. HARDIN for appellant.

H. J. JOHNSON, C. C. WILLIAMS for appellee.

RESPONSE TO PETITION FOR REHEARING BY CHIEF JUSTICE HOBSON—Overruling Petition.

Section 2268, Ky. Stats., provides:

"That in all trials of civil actions in the circuit courts, three-fourths or more of the jurors concurring may return a verdict, which shall have the same force and effect as if rendered by the entire panel. But where a verdict is rendered by a less number than the whole jury, it shall be signed by all the jurors who agree to it."

The verdict in this case was returned by nine jurors, the name of one of the jurors being signed to the verdict by mark. There was no attesting witness to the signature, and it is insisted that for this reason the verdict was invalid. The question was made in the original brief but by inadvertance was not discussed in the opinion. A cross mark for a name or signature is a signature or signing by law unless otherwise provided by statute. (Maupin v. Berkley, 3 R., 617; 2 Blackstone's Commentaries, 305.) In Meazels v. Martin, 93 Ky., 50, it was held that where one signs his name to a mortgage by making his mark, it is a good signature, although not attested by a witness. In Staples v. Bedford Bank, 98 Ky., 451, it was held that one who signs his name to a note as surety by making his mark is bound thereby, even though there be no attesting witness.

Subsection 7 of section 732 of the Civil Code provides:

"The words 'signature,' 'subscription' and words of like import, include a mark by, or for, a person who cannot write, if his name be subscribed to an instrument and witnessed by a person who, near thereto, writes his own name as a witness."

But as was pointed out in the case above cited, this provision only applies to such writings as are required to be executed under the provisions of the Civil Code. The majority verdict of a jury is regulated by the Kentucky Statutes, and the only provision of the Kentucky Statutes as to a signature is section 468, which provides:

"When the law requires any writing to be signed by a party thereto, it shall not be deemed to be signed unless the signature be subscribed at the end or close of such writing."

The signature of the juror in question was subscribed at the end or close of the writing and was sufficient, although made by mark, and not attested by a witness.

Petition overruled.