CHARLES T. CHRISTENSON, Appellant, v. FRANK PETERSON, Appellee.

**Officers:** PERFORMANCE OF DUTY: PRESUMPTION. The presumption is that a county treasurer of a foreign state affixed his seal to a tax deed if required by law to do so.

**Conveyances:** BREACH OF WARRANTY: EVIDENCE. An abstract of title is not competent for the purpose of showing title or failure of title, in an action for breach of warranty.

**Evidence:** OBJECTION: SUFFICIENCY. Where evidence was objectionable for any reason there was no error in sustaining objections thereto, although not sufficiently specific.

**Evidence:** SECONDARY: CONCLUSION. The testimony of a witness in an action for breach of warranty that the public records did not show legal title based upon a tax deed, for the reason that no legal notice of redemption had been given and that the treasurer had no authority to convey title, was objectionable as not the best evidence and as the conclusion of the witness.

**Conveyances:** BREACH OF WARRANTY: BURDEN OF PROOF. Where plaintiff alleged that defendant's tax title was defective in that no legal notice of redemption had been given, that there was a defect of parties in the notice and that the treasurer had no authority to convey title, and the answer was a general denial, the burden was upon plaintiff to prove the issues thus made.

*Appeal from Pottawattamie District Court.*—HON. E. B. WOODRUFF, Judge.

SATURDAY, DECEMBER 13, 1913.

PLAINTIFF sued to recover $150, damages for breach of warranty of title to land. There was a trial to the court without a jury. The court found for defendant and dismissed the petition at plaintiff's costs. Plaintiff appeals.—*Affirmed.*

*Flickinger Bros.*, for appellant.

*Fremont Benjamin*, for appellee.

PRESTON, J.—The trial court made findings as follows:

That on June 9, 1906, the defendant herein obtained a tax deed, to some land in the state of Nebraska, which was duly filed for record on June 16, 1906, and the defendant herein entered into possession of said premises and has been in the peaceable possession thereof ever since, by himself, his tenants, and grantee. That the original owners of said premises abandoned said land about twenty-eight years ago, and so far as shown by the evidence have never made any claim to said premises since. That on January 30, 1895, one Charles O. Nourse obtained a tax deed to said premises, which deed was duly recorded, and he remained the record owner until the deed to this defendant was recorded as above stated. That defendant served notice upon said Charles O. Nourse, when defendant obtained his deed, and upon no one else. That on October 18, 1907, the defendant sold and conveyed said premises to plaintiff herein, by warranty deed, which was duly recorded. That plaintiff sold said premises under a contract to one Frank R. Levine, which contract was assigned to one Mark L. Williams, who made objections to the title of this plaintiff, and thereupon plaintiff obtained quitclaim deeds from the heirs of the original owners, there being three of such deeds, for the express consideration in each deed of $1, and now brings this suit against defendant for $150, and claiming a breach of warranty under defendant's warranty deed to him. What the outlay was for does not clearly appear either in the petition or in the evidence on the trial; but upon the trial the plaintiff only claims $100, instead of the amount set out

in his petition, and the inference from the testimony is that the amount over and above the $3 paid for the three deeds was for attorney's fees, except possibly something for postage, and fees of notary. It is conceded that the title of defendant was a tax title only, and it appears that plaintiff accepted the warranty deed from defendant either without an abstract of title, or without objections, and it also appears that defendant and plaintiff were in the peaceable possession of said premises, and that the original owner, or his heirs, were making no claim to the possession thereof, or any claim to the title to said premises as against defendant or plaintiff. The Code of Nebraska was introduced in evidence and certain decisions of the Supreme Court of that state, also the deposition of the attorney who examined the title and who obtained the said quitclaim deeds, and without going into the details of such deposition, which was objected to, it appears to the court that such testimony is incompetent, and not the best evidence of the facts sworn to by the attorney, and the objections thereto are sustained, and plaintiff excepts. The plaintiff being in peaceable possession under the deed from defendant, and the original fee owners making no claim adverse to defendant's title and possession, it appears to the court that there was no breach of warranty under the deed from this defendant to this plaintiff, and therefore plaintiff is not entitled to recover in this action and his petition is dismissed at his costs.

Under the laws of Nebraska, the right to attack the tax deed to Nourse dated and recorded January 30, 1895, expired by limitations in five years thereafter. There is no evidence to show that this was not a valid deed. Nourse was the owner, and notice on him as owner was sufficient under the Nebraska law. The evidence sustains the findings of fact, and in our opinion the trial court correctly determined the legal questions. We shall not set out the evidence. Without the testimony of the witness Swaine, plaintiff has not made out a case. We shall notice briefly some of the matters referred to in the petition and evidence, but not urged in the points and errors relied upon for reversal. One of these is the claim of appellant that the treasurer's tax deed of June 9, 1906, had no treasurer's seal attached, and that, if it had, the laws of Nebraska

do not provide for such a seal. As to this matter the abstract does not contain a copy, but only a short synopsis of its contents, as follows: "Exhibit B certified copy of tax deed. County Treasurer to Frank Peterson dated June 9, 1906, conveyed the N. W. 1/4 of Sec. 3, Twp. 20, N. of 12, W., 6th P. M. Greeley county, Nebraska, to Frank Peterson. Granting and conveying to Frank Peterson for taxes paid, the said real estate, subject to any redemption provided by law. Recorded in book No. 25, page 17, Deed Records, Filed June 16, 1906."

We are unable to say from the abstract whether there was a seal attached or not. It appears from the evidence that the Nebraska law does provide for such a seal. The presumption is that the officer did his duty and attached the seal.

1. OFFICERS: performance of duty: presumption.

There is no evidence as to the value of the services or expenses, or that the $100 alleged to have been paid therefor was reasonable. Plaintiff introduced in evidence an abstract of title to which defendant objected. It was taken subject to the objections; defendant insisting on a ruling. The abstract was not furnished by the defendant. There was no showing as to who made it or that it is correct. It was not competent evidence to show title, or failure of title, in a case of this character. 1 Enc. of Evidence, 66.

2. CONVEYANCES: breach of warranty: evidence.

The real point in the case is whether the court erred in sustaining the objection to the testimony of the witness Swaine. It is urged by appellant that the objection was such that the evidence could not be considered. The testimony of this witness was taken by deposition, and no objections or exceptions were made by motion as required by the statute; but the objections were made at the trial, and were that the evidence was incompetent, irrelevant, and immaterial. Conceding that such objections were not sufficiently specific, still, if the evidence was objectionable on any ground, there was no error in sustaining the objection.

3. EVIDENCE: objection: sufficiency.

*Baker v. Mathew,* 137 Iowa, 410; Abbott, Civil Jury Trials (3d Ed.) 325.

To illustrate the general character of the evidence of this witness, we quote one of his answers:

The records of Greeley county showed that the plaintiff had no valid or legal title to the land for the reason that the same was based solely on the treasurer's deed, and no notice of redemption, as provided by law, had been published within the time, and the treasurer had no authority to convey the title, and for the further reason that the notice of redemption published and of record in the proceedings with reference to the tax deed shows on its face that the real parties in interest, namely, the owners of the title record, W. E. and William Riddle, were not named in the notice.

**4. EVIDENCE: secondary: conclusion.**

This witness was an attorney and is the person to whom the $100 was paid. The proper objection, of course, would have been that his evidence as to what the records, notice, etc., show, was not the best evidence; that conclusions of the witness were given; and that he put himself in the attitude of deciding the case for the court. It is quite clear that some of this is not the best evidence, some of it is the conclusion of the witness, and even an expert may not decide the case for the court. *Sever v. Railway,* 156 Iowa, 664.

Appellant contends that the evidence is competent under the ruling in *Coulton's Estate,* 129 Iowa, 542, and like cases, where it was held that a witness might testify that the records did not show a decree; that proof of a negative could be so shown. But here the witness testified to what the records did show.

Appellant also now contends that the burden was on defendant to show affirmatively that he had a complete title. The case was not tried on that theory in the district court. In that court plaintiff assumed the burden. In his petition he alleged the tax title to Peterson was defective, and stated the defects to be that the Nebraska statutes require that notice of time of

**5. CONVEYANCES: breach of warranty: burden of proof.**

redemption from tax sale must be given by the holder of a certificate of tax sale three months before applying for a deed, and that the notice must be published three weeks; that no such notice was given and no notice of redemption had ever been published within the time required; and that the county treasurer had no authority or power to convey the title by tax deed; also, that the only party named in the attempted notice was one Nourse; that under the laws of Nebraska there is no provision for a treasurer's seal, etc. The answer was a general denial. Under these issues, plaintiff had the burden; the case is more like *Jerald v. Elly*, 51 Iowa, 321, than *Boon v. McHenry*, 55 Iowa, 202, and similar cases cited by appellant.

In our opinion the judgment of the district court was right, and it is *Affirmed*. All the Justices concur.