J. Tobis, Appellee, v. Beaver Coal & Land Company, Appellant.

DAMAGES: Insufficient Foundation. The general conclusion statement of a plaintiff that his business of soliciting orders for coal

was damaged in a named sum furnishes no sufficient basis for damages, when it appears that he had no stock, lost no customers, and suffered no impairment of opportunity to make future sales.

*Appeal from Des Moines Municipal Court.*—Eskil C. Carlson, Judge.

November 15, 1919.

Action to recover damages on account of the breach of an oral contract. Verdict and judgment for plaintiff. Defendant appeals.—*Reversed.*

*George Harnagel* and *James A. Howe,* for appellant.

*McLaughlin, Shankland & Lappen,* for appellee.

Stevens, J.—Plaintiff alleged in his petition that, during the year 1916 and prior years, he was engaged in the business of selling coal at retail in the city of Des Moines; that he conducted his business from his residence, and did not keep a stock on hand, but had same delivered directly from the mine or dealer to his customers; that, during the summer of 1916, he entered into an oral contract with defendant, a corporation organized under the laws of Iowa, and engaged in selling coal, by which defendant agreed to furnish him all the coal he would need to supply his customers, and to pay him 50 cents per ton for all orders he might obtain and turn over to it. Delivery of all orders was to be made by defendant. He further alleges that, on or about the 15th day of October, the defendant refused to deliver coal to various customers whose orders he had obtained, or to furnish coal to him for that purpose; that he was unable to secure same elsewhere; that he secured orders for 1,027 tons of coal, which orders he was ready to turn over to defendant. He further alleges that he suffered great loss of time and injury to his business. He therefore

prays judgment for damages as follows: $513.50 loss of commission, $200 for loss of services, and $500 for loss to his business. He admits an indebtedness to defendant of $202.68 for coal, and prays judgment for damages in the sum of $1,000. Defendant's answer was a general denial, together with a counterclaim for the item of $202.68. The jury returned a verdict in plaintiff's favor for $1,000.

Plaintiff, according to his testimony, has, for several years, solicited orders from various small consumers for coal, which orders he has turned over to regular dealers for delivery, or he has purchased and delivered it himself. During the warmer portion of the year, he engages in the business of buying and selling junk. He had no regular place of business, except his residence, where he receives orders by telephone. The evidence relating to the oral contract between the parties was conflicting; but, as the jury found in favor of the plaintiff upon this question, we must accept his version thereof. The jury may well have found that plaintiff secured bona-fide orders for 1,027 tons of coal, and that, under his agreement, he was to be paid a commission of 50 cents per ton therefor. It is conceded that defendant delivered but a portion of the coal sold, and that no part of the commissions claimed have been paid.

(a) The court, in ruling upon defendant's motion for a new trial, announced that the item of $200 for loss of time was erroneously submitted to the jury, and that, unless same was remitted by plaintiff, the motion would be sustained. Thereupon, counsel for plaintiff, in open court, remitted $200, and judgment was entered in favor of the plaintiff for $800; so that this item is eliminated from our further consideration.

(b) Counsel for appellant challenges the sufficiency of the evidence to sustain the finding of the jury upon the item of loss to plaintiff's business. Plaintiff was permitted, over the objection of counsel for defendant, to testify

to the conclusion that his business was worth $1,000. No evidence was, however, offered tending to show other damage to said business than that covered by the loss of commissions on orders obtained, and possibly for loss of time. He had no stock on hand, and did not, so far as disclosed by the record, lose a single customer; nor does it appear that his future opportunity for selling coal is in any way impaired, or that a loss of further profits is likely to follow. No basis for the computation of damages for loss of business was furnished by the evidence, and any sum awarded by the jury on this item must have been the result of conjecture. A verdict arrived at in this way cannot be permitted to stand. The evidence must furnish some basis upon which damages can be reckoned. *Howard v. Brown,* 168 Iowa 410; *Providence, etc., Ins. Co. v. Iowa Tel. Co.,* 172 Iowa 597.

(c) Numerous other questions are argued by counsel, some of which were not preserved by proper exception in the court below, and cannot, therefore, be considered upon appeal; others are not likely to arise upon a retrial. The instructions, as a whole, were vague, incomplete, and indefinite, and did not furnish a proper guide to the jury. For the reasons indicated, the judgment of the court below is—*Reversed.*

LADD, C. J., WEAVER and GAYNOR, JJ., concur.