A. A. MILLER et al., Appellees, v. FRED DAVIS, Appellant.

**TRIAL:** Reception of Evidence—Gambling on Favorable Reply. A party will not be permitted to gamble on the answer of a witness,—retain it if pleasing, move to strike if disappointing.

**TRIAL:** Reception of Evidence—Sufficiency of Objection. Principle reaffirmed that he who employs the objection of "irrelevancy, incompetency, and immateriality" must, when the objection is overruled, *make the objection specific.*

*Appeal from Mills District Court.*—EARL PETERS, Judge.

APRIL 4, 1922.

PLAINTIFFS allege that, in the fall of 1916, they entered into an oral contract with defendant, who was the owner of a

large tract of land, on which is growing a large amount of different kinds of timber of sufficient size for saw timber; that plaintiffs were to cut and haul the logs to the sawmill and saw the same into lumber, except the walnut, which was to be either sawed or sold in the log, whichever was to the advantage of the parties; and that, as compensation, plaintiffs were to receive one half the lumber or sale price thereof, and one half of the amount received for the walnut logs, if sold in the logs, each of the parties to pay one half the sawing price at the mill; that plaintiffs entered on the premises, and did, in the fall of 1916 and spring of 1917, cut and haul logs, and sawed the same into lumber, continuing their operations until requested by defendant to postpone the work until the fall of 1917; that, pursuant to said contract, plaintiffs entered upon said premises, and erected a home or camp for themselves and help, and started work under the contract, secured a sawmill to come upon the premises, and operated the same until about 60,000 feet of lumber were sawed; that, in the fall of 1917, plaintiffs again went on the premises for the purpose of carrying out their contract, but were stopped by defendant, who refused to allow them to complete the contract; that, when plaintiffs ceased operations in the spring of 1917, they had left their camp and equipment, and a large number of logs cut and upon the ground; that, when defendant so refused to permit plaintiffs to proceed, there was a large amount of uncut timber standing on the premises. The petition states the number of feet of the different kinds of trees to be cut and sawed and the market value thereof, less cost of cutting and hauling, and half the sawing; that defendant sold from the walnut timber logs a certain amount stated, which was sold on the stump, and that a certain number of feet of walnut logs of different dimensions were left in said timber, of certain market value, which is stated; that, by reason of the premises, plaintiffs have been damaged; that they are entitled to one half the net price of said timber, to wit, the sum of $3,157.43. The defendant denies that the contract was as alleged by plaintiffs, and set up other defenses. Trial to a jury, and verdict for plaintiffs in the sum of $2,078.37, upon which judgment was entered. Defendant appeals.—*Affirmed.*

*Cook, Cook & Cook* and *W. S. Lewis*, for appellant.

*Genung & Genung*, for appellees.

PRESTON, J.—There is a conflict in the evidence as to the terms of the contract and some other matters, which are settled by the verdict of the jury. The plaintiffs offered evidence to support their claims, and there was evidence tending to show that the contract was as they contended; their performance; defendant's refusal to permit them to complete the contract; the number of acres, and amount of timber thereon; the amount of timber which the tract did and would produce; the value of the lumber; the cost or expense of cutting and hauling; the cost of sawing; the value of the lumber; and so on. At the close of plaintiffs' evidence, defendant moved for a directed verdict, which motion was not renewed at the conclusion of all the evidence. The court, by its instructions, submitted to the jury these several matters, and gave an instruction as to the measure of damages, if the jury should find plaintiffs' several claims established. The motion to direct a verdict, and the motion for new trial, and the points now relied upon by appellant for a reversal, are that there is no competent evidence justifying the court in submitting to the jury the question of damages, because the damages as claimed by plaintiffs are too remote, speculative, uncertain, and indefinite to enable the jury to arrive at any proper conclusion, as claimed; that there is no evidence in regard to the different elements going to make up the cost of cutting and hauling the logs to the mill, such as the value of plaintiffs' time and labor in overseeing and managing, and cutting and hauling to the mill the logs referred to, or the value of the help required and used by plaintiffs in cutting and hauling the logs to the mill. The precise point mainly relied upon is that plaintiffs were permitted to introduce evidence that the fair and reasonable charge for cutting and hauling the timber to the mill, at the time in question, was $3.00 per thousand feet.

The proper foundation was laid, and the witnesses qualified as experts, to speak as to value of such work or service. They had, the fall before, cut and hauled a considerable quantity from the same land, but across the river; and they say that, at the

time in question, in 1917, there was no difference from what it had been the fall before. It would have been well enough, perhaps, for plaintiffs to have separated the two items of cutting and hauling, and to have stated some of the elements entering into the cost of each. This would probably have been required, had objection been made. There would be many elements entering into the value or worth of these items, some of which would be those enumerated by appellant. There would also be the question of the value of services of currying the horses with which the logs were hauled, the wear and tear on the harness and horseshoes, and so on. Sometimes these matters are gone into in minute detail, until in fact it becomes tedious. The objection goes really to the form of the question. We might reverse, and send the case back for a retrial, in order that the questions as to these two items, cutting and hauling, might be separated, and some evidence given as to the elements entering into each; but under the record, we clearly would not be justified in so doing. There was no objection made to this evidence.

**1. Trial: reception of evidence: gambling on favorable reply.** According to the abstract, the evidence went in without objection; and after the witnesses had testified as to the value of hauling and cutting, and had given testimony on other subjects, defendant moved to exclude all the testimony of this witness relating to the fair value for the hauling and cutting of the timber in the fall of 1917, as incompetent, irrelevant, and immaterial, and the witness incompetent. We have said that the witness had qualified as an expert to speak on such matters. The objection in the first place was not timely. By not objecting to the evidence, defendant took his chances that the answers would be favorable to him. *Leipird v. Stotler,* 97 Iowa 169, 174; *Parker v. City of Ottumwa,* 113 Iowa 649, 651; *State v. Madden,* 170 Iowa 230, 236. Furthermore, the objection made in the motion to exclude is not sufficiently specific. It must be specific, when the objection is over-

**2. Trial: reception of evidence: sufficiency of objection.** ruled. *State v. Wilson,* 157 Iowa 698, 713; *Harvey v. Mason City & Ft. D. R. Co.,* 129 Iowa 465, 482; *State v. Madden,* supra. The rule is different where the objection is sustained. In such case, if the question is objectionable on any ground, the sustaining is not error, even although not specific. *Baker v. Mathew,* 137 Iowa

410, 414; *Christenson v. Peterson,* 163 Iowa 708, 711, 712. Under these circumstances, and in any event, the evidence was sufficient to establish the fact, if believed by the jury, that the cost of these two items was $3.00.

Appellant relies upon *Howard v. Brown,* 168 Iowa 410. No cases are cited by appellee on this point. The *Howard* case is readily distinguished in its facts from the instant case. In the instant case, plaintiffs were not to do the sawing, but were to cut and haul the logs to the mill, and the sawing was to be done by another at an agreed price per thousand, according to plaintiffs' theory of the contract, and according to their evidence. In the *Howard* case, the plaintiff was to furnish the mill, engine, fuel, supplies, repairs, labor, and to haul the outfit to and from the premises. He sawed only a part of the alleged quantity, claiming that the defendant refused to haul, or to permit plaintiff to saw the balance. He sued to recover what he would have made, had he been permitted to saw the balance of the logs, but gave no testimony as to the nature, extent, or value of the fuel, supplies, repairs, labor, and so on. He simply contented himself by testifying that $2.00 per thousand was the cost of operating the outfit. In the instant case, plaintiffs were to place the logs at the sawmill. They could not be hauled unless they were cut. They gave testimony as to the worth of the cutting and hauling. It was a simple matter, and involved simply manual labor, in which these people had been engaged prior thereto.

In *Petterson v. Thomas,* 136 N. Y. Supp. 74, cited in 22 Corpus Juris 646, it was held that a skilled witness, testifying to the cost of altering a building, is not disqualified to testify to the profits because, in computing, he did not separate the cost of the labor from the cost of material. In *Enix v. Iowa Cent. R. Co.,* 111 Iowa 748, it was held that, in an action for the destruction of plaintiff's dwelling house by fire, it was not error to admit testimony of an insurance agent as to the cost of a building similar to the one burned, where there was other evidence showing that his method of estimating such cost was approximately correct. In that case, the witness was permitted to make an estimate as to the cost of the entire building. See, also, *Lomack Home v. Iowa Mut. Torn. Ins. Assn.,* 155 Iowa 728, 733. Clearly, a woodchopper or a lumberman, with knowledge as to

how many feet of lumber a tree or log of certain dimensions will produce, may testify as to the value of the services of cutting trees with an ax or sawing them with a saw, and what it is worth by the day or by the thousand feet, without testifying first as to how much it would cost to sharpen his ax every few days. It is equally clear that a teamster could testify what it would be worth by the day or by the thousand feet to haul lumber or logs to make lumber. It is shown that the witness or witnesses who testified on this subject were acquainted with these simple matters. In the cross-examination of experts, considerable latitude should be and is allowed, to test the accuracy of their knowledge and the reasonableness of their estimates. If appellant did not see fit to do so in this case, it would not authorize the jury or the court to disregard their testimony that the reasonable value of cutting and hauling these logs to the mill was $3.00.

The judgment is—*Affirmed.*

STEVENS, C. J., WEAVER and DE GRAFF, JJ., concur.