KENT STATE SAVINGS BANK, Appellee, v. IRA CAMPBELL, Appellee; ROSS HURD REED, Appellant.

No. 39431.

FEBRUARY 5, 1929.

REHEARING DENIED MAY 17, 1929.

*Wisdom & Wisdom,* for appellant.

*Camp & Camp,* for plaintiff, appellee.

EVANS, J.—I. The record herein is somewhat confusing. The note in suit was for $1,500, drawn to the defendant Reed, as payee. It was apparently indorsed in blank by the defendant  Reed to his brother, G. L. Reed, and by G. L. Reed to this plaintiff. G. L. Reed died before the bringing of this suit. The original note, representing the original indebtedness, was given on March 1, 1921, and negotiated to the plaintiff on March 3d of the same year. It was renewed many times in its original form. The note in suit is the last renewal thereof. This defendant testified that the original agreement was repeated at the time of every renewal.

At the early stage of the trial, and while the defendant was putting in his evidence, the trial court appeared to be of the

opinion that the oral evidence was admissible. This view would naturally be induced by a consideration of our earlier cases on the subject. After the defendant rested, the court came to the conclusion that oral evidence was not admissible to contradict the blank indorsement and its legal effect, and it ruled accordingly. This ruling was in accord with our holding in *Porter v. Moles*, 151 Iowa 279, wherein we held that the Negotiable Instrument Act had defined the legal effect of a blank indorsement of a negotiable instrument, and that the legal effect of such indorsement could not be contradicted by oral evidence. The provisions of the Negotiable Instrument Act which are especially applicable are Sections 63 and 66 thereof (Sections 9523 and 9526, Code of 1924). These are as follows:

"9523. *When person deemed indorser.* A person placing his signature upon an instrument otherwise than as maker, drawer, or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

"9526. *Liability of general indorser.* Every indorser who indorses without qualification, warrants to all subsequent holders in due course:

"1. The matters and things mentioned in Subdivisions 1, 2, and 3 of the next preceding section; and

"2. That the instrument is at the time of his indorsement valid and subsisting. And, in addition, he engages that on due presentment, it shall be accepted or paid, or both, as the case may be, according to its tenor, and that if it be dishonored, and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder, or to any subsequent indorser who may be compelled to pay it."

In short, the legal effect of a blank indorsement is to create a written contract, which incorporates the provisions of Section 66 of the act.

It must be said, therefore, that the trial court ruled correctly in rejecting the oral evidence.

II. It should be added here that the appellant does not challenge the correctness of the rule of law thus adopted by the district court. His complaint is directed to the irregularity of

 the procedure leading up to such ruling. His contention is that adequate objections were not made when the evidence was introduced, and that much of the evidence was received without objection at all. Most of the objections made by the appellee were in the form of motions to strike the answers of the witness. The contending claim is that the objection should have been made to the question. The infirmity of this contention is that it is not available to an appellant here. The contention could properly have been urged in the district court, and could have been addressed to its discretion. If the contention had been accepted by the district court, and if the *plaintiff* had been appellant, it would be confronted here with the inadequacy of its objections, if such. But where the ruling complained of is a correct one, we sustain it, regardless of whether the *appellee's* objection that induced it was adequate or inadequate. *Neddermeyer v. Crawford County*, 190 Iowa 883; *Worthington v. Diffenbach*, 184 Iowa 577; *Hanson v. City of Anamosa*, 177 Iowa 101; *Christenson v. Peterson*, 163 Iowa 708; *Miller v. Davis*, 193 Iowa 611.

The reason underlying such a rule is quite apparent on its face. If we were to reverse this case for want of proper objections to evidence otherwise inadmissible, we could only award a new trial. It should fairly be presumed that, upon the new trial, the proper objections would be interposed. Therefore, to grant a new trial upon such a ground would be a futile procedure.

III. It is further urged by the appellant that his defense was not attacked as being legally deficient, and that, therefore, it should be deemed sufficient. Reliance is had at this point on *Ormsby v. Graham*, 123 Iowa 202. The rule thus invoked has its limitations, and is not so illimitable as appellant assumes. But we have no occasion to consider it here. The defendant's defense was that he contracted for a qualified indorsement. It may be assumed that that was a good defense. This would not relieve the defendant from proving it by competent evidence.

IV. The defendant pleaded, also, want of consideration. In support of this contention, it appears that the note was given in part payment of the purchase money for a certain 40 acres of

 land. This land was a part of the estate of the father of the defendant, who died in March, 1920, survived by his widow and his two sons. The sons are the indorsers on this note. The son G. L. Reed was the executor of his father's estate. By mutual arrangement between the mother and sons, the 40 acres were offered at public auction, and were bid in for the benefit of all the beneficiaries, by this defendant. Thereafter, they sold the land to Campbell, the maker of the note. The contract of sale and the deed pursuant thereto were executed by this defendant, as the holder of the record title. The purchase-money notes were drawn payable to him, as payee, in like manner. He thereupon indorsed the note to his brother, and both of them negotiated the transfer of the note to the plaintiff herein. It is true, therefore, that this defendant held the note in trust for the beneficiaries of his father's estate, including himself. But this did not render his indorsement without consideration. He did have a personal beneficial interest in the transaction. Nor would it have defeated consideration if he had had no beneficial interest therein. It was enough that the plaintiff bank parted with its money in reliance upon his indorsement. The defense of want of consideration, therefore, is not sustained.

The judgment below is, accordingly,—*Affirmed.*

ALBERT, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.